**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AARON WILLIAMS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-6486** |
| | : | |
| **CITY OF PHILADELPHIA, C/O** | : | |
| **EKITI MESUMBE, C/O VINCEN ZUL** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                          **May 27, 2026**

A formerly incarcerated sixty-eight-year-old man claims correctional officers supervising him in the latter half of 2024 denied him a bottom bunk placement to accommodate physical challenges addressed by a "bottom bunk bed accommodation" upon his arrival in the correctional facility. He alleges this denial violates his civil rights and rights provided by Congress under the Americans with Disabilities Act. We dismissed the man's complaint against the City of Philadelphia and its Prisons Commissioner without prejudice to plead facts allowing us to plausibly infer the City could be liable as the municipality and Commissioner as a supervisor. We also directed the City identify the correctional officers assigned to the man. The City complied and the formerly incarcerated man amended his allegations to add the two identified correctional officers and an Americans with Disabilities Act claim against the City, its Prisons Commissioner, and the two recently-identified correctional officers. But the formerly incarcerated man still cannot plead facts allowing us to plausibly infer civil rights liability against the City and its Prisons Commissioner requiring we dismiss these claims with prejudice. Congress does not allow him to sue individuals under the disabilities law and we dismiss those claims with prejudice. The man may proceed on a civil rights claim against one of the recently-named correctional officers now. We also grant him leave to later amend to plead facts allowing us to plausibly infer: (1) civil rights

liability for the alleged denial of a bottom bunk accommodation against the other recently identified correctional officer; and (2) liability against the City under the Americans with Disabilities Act.

## I.  Alleged pro se facts

The Commonwealth detained Aaron Williams from August 2024 to December 2024 at the Curran–Fromhold Correctional Facility operated by the Philadelphia Department of Prisons as a pretrial detainee and "probationer" on a violation of the terms of his probation from another, unidentified conviction.[1] Sixty-eight-year-old Mr. Williams suffers from arthritis in his right knee and right wrist, a "bad heart," and chronic obstructive pulmonary disease.[2] The Facility medically screened Mr. Williams on his arrival and unidentified medical personnel gave him "bottom bunk bed accommodations" because of his medical conditions.[3]

Mr. Williams told Correctional Officer Ekiti Mesumbe he needed a bottom bunk assignment when assigned to his housing.[4] Correctional Officer Mesumbe refused to assign Mr. Williams a bottom bunk because "there is not bottom bunks [sic]."[5] Unidentified persons housed Mr. Williams in a cell with another incarcerated person who also had a bottom bunk assignment, forcing Mr. Williams to take the top bunk.[6] Accessing the top bunk required Mr. Williams to climb on a chair and then the top of a desk, causing him pain and putting him at risk of injury.[7]

Mr. Williams fell on August 28, 2024 while attempting to climb to the top bunk, injuring his back, knee, and neck.[8] The Facility provided him medical treatment for his injuries.[9]

Mr. Williams filed a grievance regarding the injuries sustained in the August 28 fall and the Facility's failure to provide him with a bottom bunk assignment.[10] An unidentified person at the Facility responded to Mr. Williams's grievance by advising: "Per C/O Zul when a bottom bunk becomes available you will receive one."[11] Mr. Williams filed an appeal of his grievance to

Commissioner of Prisons Michael R. Resnick, complaining about having to climb to the top bunk without a ladder.[12] Commissioner Resnick and other Facility officials did not respond to his appeal.[13]

Mr. Williams fell again while attempting to climb into his top bunk in December 2024, injuring himself.[14]

Despite "many bottom bunks" becoming available, unidentified persons at the Facility did not give Mr. Williams a bottom bunk assignment.[15] Unidentified persons moved Mr. Williams twice in December 2024 but he did not receive a bottom bunk assignment in either cell move.[16] The Commonwealth released Mr. Williams from custody in December 2024 without him ever having received a bottom bunk assignment during the three months of incarceration at the Curran–Fromhold Correctional Facility.[17]

### Mr. Williams filed a civil rights action in November 2025.

Mr. Williams sued the City of Philadelphia, Commissioner Resnick, and two John Does for civil rights claims under section 1983.[18] Mr. Williams sought compensatory and punitive damages, a declaration the City and its officials violated his civil rights, and a declaration requiring the City to place ladders on all bunk beds in correctional facilities.[19] We granted Mr. Williams leave to proceed without paying the filing fees and directed service on the City and Facility Officials.[20]

The City and Commissioner Resnick moved to dismiss Mr. Williams's complaint.[21] We dismissed without prejudice Mr. Williams's municipal liability claim against the City and supervisory liability claim against Commissioner Resnick but allowed individual liability claims against John Does 1 and 2 for allegedly disregarding the medical directive Mr. Williams be given a bottom bunk assignment.[22] We ordered Commissioner Resnick to provide Mr. Williams with the

names of the correctional officers involved in the bottom bunk assignment and granted Mr. Williams leave to amend his Complaint to plead facts and claims allowing us to plausibly infer a basis of recovery against the City on a municipal liability theory, Commissioner Resnick in his individual capacity, and the identified correctional officers in their individual capacities for conduct relating to the bottom bunk assignment.[23]

***Mr. Williams filed an amended Complaint asserting civil rights and Americans with Disabilities Act claims.***

Mr. Williams timely filed an amended Complaint against the City, Commissioner Resnick, and Correctional Officers Mesumbe and Vincen Zul, substituted for the two earlier named John Does 1 and 2.[24]

## II.    Analysis

Mr. Williams alleges the City and its officials violated his Eighth and Fourteenth Amendment rights and his rights under the Americans with Disabilities Act when they did not assign him a bottom bunk as directed by the Facility's medical personnel. Defendants move to dismiss with prejudice.[25] Mr. Williams did not respond.

The City and its officials argue Mr. Williams does not plausibly allege: (1) a municipal liability claim against the City; (2) Commissioner Resnick's personal involvement sufficient to hold him liable for the deprivation of Mr. Williams's constitutional rights; (3) the deliberate indifference by Correctional Officers Mesumbe and Zul to his medical needs under either the Eighth or Fourteenth Amendments nor a procedural due process claim under the Fourteenth Amendment; and (4) a claim under the Americans with Disabilities Act. They ask us to dismiss with prejudice because amendment would be futile.[26]

The Supreme Court through Rule 12(b)(6) requires Mr. Williams to plead "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[27] We accept

as true all well-pleaded factual allegations, draw all reasonable inferences in his favor, and construe his allegations in the light most favorable to him to determine whether he plausibly states a claim for relief.[28]

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings."[29] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[30] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[31]

### A. We dismiss Mr. Williams's claims under the Eighth and Fourteenth Amendments against all Defendants except Correctional Officer Mesumbe.

Mr. Williams asserts civil rights claims under the federal statute enacted by Congress to remedy violations of federal law by state actors.[32] Congress through section 1983 provides a remedy for a violation of constitutional rights but it is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred."[33] To state a civil rights claim, Mr. Williams must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[34]

We construe Mr. Williams's claim as deliberate indifference to his medical need by denying him a bottom bunk despite a bottom bunk status determination made by the Facility's medical department in violation of the Eighth and Fourteenth Amendments.[35] Facility officials violate the Eighth Amendment when they act with deliberate indifference to an incarcerated person's serious medical needs by "intentionally denying or delaying access to medical care or interfering with the treatment once prescribed."[36] Our Court of Appeals finds deliberate indifference where the Facility Official: "(1) knows of a prisoner's need for medical treatment but

intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."[37] The incarcerated plaintiff must make a subjective showing Facility officials were deliberately indifferent to his medical needs and an objective showing the needs were serious.[38]

We already determined an incarcerated person sufficiently pleads an Eighth Amendment deliberate indifference to a medical need claim in the denial of a bottom bunk accommodation.[39] We disagree with the City's and its officials' characterization of Mr. Williams's allegations and their assertion "at a baseline" our Court of Appeals does not recognize a deliberate indifference claim from a "fall from a top bunk," citing authority regarding the failure to provide ladders.[40] We do not construe Mr. Williams's claim as based on the failure to provide a ladder. Mr. Williams alleges he has medical conditions necessitating a bottom bunk assignment *which the Facility's medical department ordered* but which the Facility *denied* over the three months of his incarceration ostensibly because of a lack of bottom bunk availability. This is a recognized claim in this Circuit as we already determined.[41]

We conclude our Court of Appeals and our colleagues recognize an Eighth Amendment deliberate indifference claim against Facility Officials for the denial of bottom bunk status where medically ordered. Framing the issue, we turn to whether Mr. Williams plausibly pleads a claim against the City, Commissioner Resnick, and Correctional Officers Mesumbe and Zul. We find Mr. Williams does not plausibly state claims against all Defendants but amendment is not futile and we afford him one last chance to amend his claims.

**1.  We dismiss municipal liability claims against the City.**

Mr. Williams asserts a section 1983 claim against the City of Philadelphia. A municipality like the City of Philadelphia may only be liable under section 1983 for injury resulting from a municipal policy, practice, or custom or if it is deliberately indifferent to its stated policy, a claim known as a *Monell* claim.[42] Liability against the City extends only to its own conduct and it is not vicariously liable for the conduct of its employees.[43] The City can only be liable if its policy or custom caused the alleged constitutional violation.[44] A "policy" is made when a "decisionmaker" with "final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict."[45] A "custom" is conduct, not authorized by law, "so permanently and well-settled as to virtually constitute law" and "requires proof of knowledge and acquiescence of the decisionmaker."[46]

We explained the contours and pleading requirements of a *Monell* claim to Mr. Williams in our January 21, 2026 Order granting the City's Motion to dismiss his complaint.[47] We gave Mr. Williams leave to amend his complaint to plead facts allowing us to plausibly infer a municipal liability claim against the City. Mr. Williams did not identify a "policy" or "custom" or conduct by a municipal decisionmaker regarding bottom bunk assignments leading to his injuries. He does not plausibly state a claim against the City. We dismiss the municipal liability claim against the City with prejudice.

### 2.  We dismiss the constitutional claims against Commissioner Resnick.

Mr. Williams alleges he appealed from his grievance complaining about the denial of a bottom bunk assignment and believes the Facility's Deputy Warden forwarded the appeal to Commissioner Resnick.[48] This is the only allegation regarding Commissioner Resnick's involvement in the denial of a bottom bunk assignment.

We already explained to Mr. Williams he must allege facts from which we may infer Commissioner Resnick's personal involvement in the alleged constitutional deprivation to state a claim against him in his individual capacity.[49] Personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence" if "made with appropriate particularity."[50]

Commissioner Resnick's alleged involvement based solely on a receipt of Mr. Williams's grievance appeal generally does not amount to personal involvement required to hold an official liable for the denial of care or show personal direction, actual knowledge, or acquiescence.[51] There are no allegations of Commissioner Resnick's involvement in the denial of the bottom bunk assignment itself. As alleged, Commissioner Resnick's personal involvement is limited to possibly receiving Mr. Williams's appeal from a grievance. This is insufficient to establish Commissioner Resnick's personal involvement. We grant Commissioner Resnick's motion to dismiss the deliberate indifference claim against him. We earlier notified Mr. Williams of this deficiency and granted him leave to amend. He amended but did not cure the issues. We have no basis to find he could amend again to cure this deficiency. We dismiss this claim against Commissioner Resnick with prejudice.

### 3. We dismiss claims against Correctional Officer Zul.

Mr. Williams's allegations regarding Officer Zul similarly suffer from the same deficiencies. Mr. Williams alleges in response to his August 2024 grievance after falling in an attempt to climb into his top bunk, someone wrote on the grievance "per C/O Zul when a bottom bunk becomes available you will receive one."[52] This is the only allegation regarding Officer Zul's conduct. Mr. Williams does not allege Officer Zul denied Mr. Williams a bottom bunk with deliberate indifference to his serious medical needs. The only allegation against Officer Zul is a

statement attributed to him in a grievance response—when a bottom bunk becomes available, Mr. Williams will receive one. But as explained above, a response to a grievance does not amount to personal involvement. We dismiss the Eighth and Fourteenth Amendment claim against Officer Zul without prejudice to Mr. Williams amending his claim if he can do so in good faith.

### 4. We allow the Eighth Amendment claim to proceed against Officer Mesumbe.

Mr. Williams alleges he told Officer Mesumbe of his bottom bunk status when initially moved to a housing unit, but Officer Mesumbe refused to assign Mr. Williams a bottom bunk because none were available.[53] We find this allegation just passes over the plausibility line at the motion to dismiss stage.

Judge Pratter's decision in *Saunders v. GEO Group, Inc.* is persuasive.[54] Judge Pratter reviewed the claims of a pro se incarcerated man who asserted an Eighth Amendment deliberate indifference claim regarding his medical needs when he fell from the top bunk despite a medical order for a bottom bunk. The incarcerated Mr. Saunders alleged a correctional officer denied him a bottom bunk, acting with deliberate indifference to Mr. Saunders's serious medical needs in violation of his Eighth Amendment rights.[55] Mr. Saunders alleged he had a bottom bunk pass from the facility's medical department, he told the defendant correctional officer on a housing unit of his medical bunk bed pass, and the officer denied Mr. Saunders a bottom bunk because "someone [is] already assigned to the bottom bunk so you have to get back on the top bunk."[56] Judge Pratter liberally construed Mr. Saunders's allegations and concluded he set forth a plausible claim for relief against the correctional officer "for denying him a bottom bunk—which was medically ordered as a result of his treatment for a concussion—for a non-medical reason (i.e., another [incarcerated person] was already assigned to the bottom bunk of that cell)."[57]

We have nearly identical facts here; Mr. Williams alleges he told Officer Mesumbe he had a medically-approved bottom bunk assignment and Officer Mesumbe denied him a bottom bunk because there were no bottom bunks available and housed him in a cell with another incarcerated person who had a bottom bunk assignment forcing Mr. Williams to the top bunk.[58] On nearly identical alleged facts, we will allow Mr. Williams's claim against Officer Mesumbe to go forward.

**B. We dismiss the Americans with Disabilities Act claims against Commissioner Resnick and Correctional Officers Mesumbe and Zul with prejudice and dismiss the claim against the City without prejudice.**

The City and Facility Officials move to dismiss Mr. Williams's claim under the Americans with Disabilities Act because the individual Officials are not proper parties and he did not otherwise plead a disability allowing him to proceed against the City.

Congress through Title II of the Americans with Disabilities Act prohibits a public entity like a correctional facility from discriminating against or excluding a "qualified" disabled person from its programs or services "by reason of such disability."[59] Congress includes a failure to provide a "reasonable accommodation" within its prohibition against disability-based discrimination.[60]

Congress did not allow for individual liability, making Commissioner Resnick and Correctional Officers Mesumbe and Zul improper defendants.[61] We dismiss the Americans with Disabilities Act claims against Commissioner Resnick and Correctional Officers Mesumbe and Zul with prejudice.

This finding leaves the City as the operator of the Curran–Fromhold Correctional Facility. To state a claim under Title II of the Americans with Disabilities Act, Mr. Williams must allege: "(1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected

to discrimination by any such entity; (4) by reason of his disability."[62] Congress defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment."[63]

Mr. Williams does not allege facts allowing us to plausibly infer any of the elements of a Title II discrimination claim, to the extent he intended to plead such a claim. We dismiss his claim without prejudice with leave to amend his complaint to allege the elements of a Title II discrimination claim against the City alone.

## III. Conclusion

We grant in part and deny in part the City's and its Facility Officials' Motion to dismiss having once notified Mr. Williams of what he needed to plead to move forward on his Eighth and Fourteenth Amendment claims against the City and Commissioner Resnick and finding he could not do so. We dismiss the claims under the Eighth and Fourteenth Amendments with prejudice against the City and Commissioner Resnick. We dismiss the Eighth and Fourteenth Amendment claim against Correctional Officer Zul without prejudice.

We dismiss the disabilities claim against Commissioner Resnick and Correctional Officers Mesumbe and Zul with prejudice as they cannot be liable under the Americans with Disabilities Act.

Mr. Williams may now proceed on his claim under the Eighth Amendment against Officer Mesumbe. We will allow Mr. Williams one last chance to amend by a date set in our scheduling order following the initial pretrial conference to add facts allowing us to plausibly infer an Eighth Amendment claim against Correctional Officer Zul (in addition to one against Correctional Officer

11

Mesumbe) and a disabilities claim against the City if he can do so in good faith consistent with this opinion.

---

[1] ECF 2 at 5–6; ECF 19 ¶ 1.

[2] ECF 19 ¶ 3.

[3] *Id.* ¶ 2.

[4] *Id.* ¶ 5.

[5] *Id.*

[6] *Id.* ¶ 6.

[7] *Id.* ¶¶ 7–8.

[8] *Id.* ¶ 9.

[9] *Id.* ¶ 10.

[10] *Id.* ¶ 11.

[11] *Id.* ¶¶ 12–13.

[12] *Id.* ¶¶ 14–17.

[13] *Id.* ¶ 18.

[14] *Id.* ¶ 20.

[15] *Id.* ¶ 19.

[16] *Id.* ¶ 21.

[17] *Id.* ¶ 22.

[18] ECF 2. Congress through section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[19] ECF 2 at 6, § VI.

[20] ECF 5.

[21] ECF 11.

[22] ECF 12.

[23] *Id.*

[24] ECF 19.

[25] ECF 21.

[26] *Id.*

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[28] *Oakwood Laboratories LLC*, 999 F.3d at 904 (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[29] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs*, 655 F.3d at 339) (cleaned up).

[30] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[31] *Id.* (quoting *Mala*, 704 F.3d at 245).

[32] Congress through section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[33] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[34] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[35] Mr. Williams alleges his status as a pretrial detainee at the time of his incarceration in August through December 2024 at the Curran–Fromhold Correctional Facility. We generally review deliberate indifference claims under the Eighth Amendment, but we evaluate such claims under the Fourteenth Amendment when asserted by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 165–66 (3d Cir. 2005). Because the "Fourteenth Amendment affords pretrial detainees protections at least as great as those available to inmates under the Eighth Amendment," we will evaluate Mr. Williams's section 1983 claim under the same standard applied to Eighth Amendment claims. *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 n.23 (3d Cir. 2023) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

Defendants construe the amended Complaint as asserting both a deliberate indifference claim against Correctional Officers Mesumbe and Zul under the Eighth and Fourteenth Amendment as well as a procedural due process claim. *See* ECF 21 at 5, 8. Defendants characterize the amended Complaint as alleging an inadequate grievance procedure in violation of procedural due process. We do not construe the amended Complaint as making such a claim. We construe the allegations referring to the Facility's grievance procedure as Mr. Williams's attempt to plead Commissioner Resnick knew, but did nothing to remedy, the denial of a bottom bunk assignment to demonstrate his deliberate indifference and personal involvement in the alleged constitutional deprivation. We do not address Defendants' argument as we do not consider it an issue.

[36] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Estelle v. Gable*, 429 U.S. 97, 104–05 (1976)).

[37] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Wall v. Bushman*, 639 F. App'x 92, 94–95 (3d Cir. 2015) (per curiam) (denying summary judgment in an Eighth Amendment deliberate indifference claim in denial of bottom bunk assignment); *Saunders v. GEO Grp., Inc.*, No. 19-2322, 2019 WL 5558659, at *4 (E.D. Pa. Oct. 24, 2019) (denying motion to dismiss Eighth Amendment denial of medically ordered bottom bunk for a non-medical reason); *Whitehead v. Wetzel*, No. 14-51, 2016 WL 3561809, at *7–8 (M.D.Pa. June 2, 2016), *report and recommendation adopted by*, 2016 WL 3577604 (W.D. Pa. June 27, 2016), *aff'd*, 720 F. App'x 657 (3d Cir. 2017) (denying motion to dismiss Eighth Amendment deliberate indifference to need for bottom bunk status).

[38] *Pearson*, 850 F.3d at 534 (quoting *Rouse*, 182 F.3d at 197).

[39] *See* ECF 12, n. 5.

[40] ECF 21 at 6.

[41] The authority cited by City and Facility Officials is inapposite. For example, in *Franco-Calzada v. United States*, 375 F. App'x 217 (3d Cir. 2010), our Court of Appeals affirmed Judge Gibson's dismissal of claims brought by a federally incarcerated person against the United States alleging deliberate indifference to medical needs or to prison conditions pertaining to the use of an allegedly unsafe ladder in his cell. *Id.* at 220. The court reasoned the Fourteenth Amendment's due process clause is not triggered "by the mere negligence of prison officials." *Id.* The incarcerated man alleged he slipped and fell from a ladder attached to his top bunk causing his fall and resulting injury and claimed the United States, the Federal Bureau of Prisons, and federal officials failed to inspect the ladder and delayed medical treatment for his injuries sustained in the fall from the ladder. *Id.* at 218. Unlike the incarcerated person in *Franco-Calzada*, Mr. Williams had a medically ordered bottom bunk assignment and his allegation is the denial of the bottom bunk assignment—not the lack of a ladder or structurally sound ladder—constitutes deliberate indifference to his documented medical need. The City's and Facility Officials' reliance on the absence–of–a–ladder cases are inapposite.

We also find *Howard v. Department of Corrections*, No. 24-633, 2024 WL 2092034 (E.D. Pa. May 9, 2024) distinguishable on its facts. In *Howard*, an incarcerated person alleged deliberate indifference and violations of the Americans with Disabilities Act and Rehabilitation Act for the denial of an extended bed accommodation. Mr. Howard concededly received an extended bed accommodation for his diagnosed degenerative disc disease but disputed the dimensions of the extended bed. *Id.* at *3. Mr. Howard claimed the inappropriate bed accommodation constituted deliberate indifference to his serious medical needs. Judge Schmehl dismissed the claim as insufficiently developed to be plausible because Mr. Howard did not allege the failure to provide him with a different bed accommodation posed an excessive risk to his health or safety. *Id.* at *4. Judge Schmehl found significant the fact the Facility provided Mr. Howard with a bed accommodation in response to his request, Mr. Howard did not allege how the accommodation failed to address his medical needs, and Mr. Howard's disagreement with the type of accommodation he believed he should have received did not create a constitutional claim. *Id.* We do not have the same facts as in *Howard*; Mr. Williams alleges he **never** received a bottom bunk accommodation despite a medical evaluation requiring he have such an accommodation.

[42] So named after the Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978). The Supreme Court in *Monell* held "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690 (footnote omitted).

[43] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

[44] *McTernan v. City of York, Pa.*, 564 F.3d 636, 657–58 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)); *see also Porter v. City of Phila.*, 975 F.3d 374, 383

(3d Cir. 2020) (a municipality is only liable under section 1983 for constitutional violations caused by its official policies and customs) (citations omitted).

[45] *McTernan*, 564 F.3d at 658 (internal quotations omitted) (citation omitted).

[46] *Id.* (internal quotations omitted) (citation omitted).

[47] ECF 12, n.3.

[48] ECF 19 ¶¶ 17–18.

[49] ECF 12, n.4.

[50] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[51] *Id.* at 1209; *see also Dominguez v. Governor of Pa.*, 574 F. App'x 63, 65–66 (3d Cir. 2014) (per curiam) (affirming dismissal of Eighth Amendment deliberate indifference to serious medical needs based on allegation of personal involvement through knowledge of grievance); *Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) (per curiam) (an official's "review of, or failure to investigate, an [incarcerated person's] grievances generally does not satisfy the requisite personal involvement"); *Banniger v. DelBianco*, No. 25-530, 2026 WL 458613, at *7 (M.D. Pa. Feb. 18, 2026) (dismissing Eighth Amendment claim against facility warden because "after-the-fact review of a grievance or appeal is not enough to establish personal involvement") (quoting *Rode*, 845 F.2d at 1208).

[52] ECF 19 ¶ 13.

[53] *Id.* ¶ 5.

[54] No. 19-2322, 2019 WL 5558659, at *4 (E.D. Pa. Oct. 24, 2019).

[55] *Id.*

[56] *Id.*

[57] *Id.* (first citing *Whitehead v. Wetzel*, No. 14-51, 2016 WL 3561809, at *7–8 (M.D.Pa. June 2, 2016), *report and recommendation adopted by*, 2016 WL 3577604 (W.D. Pa. June 27, 2016), *aff'd*, 720 F. App'x 657 (3d Cir. 2017); then citing *Guilfoil v. Pierce*, No. 06-493, 2009 WL 688957, at *5–8 (D. Del. Mar. 16, 2009)).

[58] ECF 19 ¶¶ 5–6.

[59] *DiFraia v. Ransom*, 171 F.4th 622, 632 (3d Cir. 2026) (quoting 42 U.S.C. § 12132).

[60] Discrimination under the Act includes, "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services,

facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). "Reasonable accommodations" and "reasonable modifications" are construed interchangeably and are "inextricably intertwined." *Berardelli v. Allied Servs. Inst. of Rehab. Medicine*, 900 F.3d 104, 117 (3d Cir. 2018).

[61] *Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002).

[62] *Williams v. Sec'y Pa. Dep't of Corr.*, 117 F.4th 503, 527 (3d Cir. 2024) (quoting *Haberle v. Troxell*, 885 F.3d 170, 178–79 (3d Cir. 2018)).

[63] *Id.* (quoting 42 U.S.C. § 12102(1)).